**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAOMI SHENEMAN,<br><br>                           Plaintiff,<br>v.<br><br>TRAVELODGE HOTELS, INC. and SOTAL UNIVERSITY INC. d/b/a TRAVELODGE OF LA MESA,<br><br>                           Defendants. | Case No.: 16cv2010-MMA (NLS)<br><br>**ORDER GRANTING DEFENDANT TRAVELODGE HOTELS, INC.'S EX PARTE MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>[Doc. No. 19] |

     Defendant Travelodge Hotels, Inc. ("THI") moves ex parte for a good faith settlement determination pursuant to California Code of Civil Procedure §§ 877 and 877.6. The motion is unopposed. For the reasons set forth below, the Court **GRANTS** THI's motion.

#### DISCUSSION

California Code of Civil Procedure § 877.6(a)(2) provides, in relevant part:

> [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested. Proof

of service shall be filed with the court. Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement.

"A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). The Ninth Circuit has held that, although the procedures set forth in section 877.6 "do not govern a federal action . . . nothing is to prevent the district court from granting a motion for an early determination of the good faith question. In fact, it makes eminent good sense to do so." *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

THI filed the pending motion and provided notice of the motion on May 15, 2017. Although twenty-five days has not elapsed as required by section 877.6, the Court is not bound by this procedural limitation, the record is clear that all parties received notice of the proposed settlement, and no party objects to its terms. *See Butler*, 904 F.2d at 511. Accordingly, the Court turns to the merits of THI's motion.

When "making a determination that a settlement was made in good faith pursuant to section 877.6(a)(2), a court considers the following: (1) the amount of the settlement; (2) a rough approximation of plaintiff's total recover[y] and the settlers' proportionate liability; (3) allocation of settlement proceeds among the [plaintiffs]; (4) the settlers [sic] financial condition and insurance limits; (5) evidence of fraud or collusion; and (5) a recognition that a settler should pay less in settlement than he would if he were found liable at trial." *McCallson v. Perry*, 2011 U.S. Dist. LEXIS 12544 *4-5 (S.D. Cal. Feb. 9, 2011) (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499-500, (1985)). Here, all parties are represented by competent counsel, who have chosen not to

2

oppose the terms of the settlement, nor THI's request that the Court deem the settlement to have been made in good faith. There is no evidence the settlement resulted from fraud, collusion, or tortious conduct. Further, the Court finds the settlement fair and reasonable, and in Plaintiff's best interest. Accordingly, in the absence of any objection, and based on the existing record in this case, the Court concludes Plaintiff's settlement with THI was made in good faith.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** THI's motion and finds that THI's settlement with Plaintiff was made in good faith pursuant to the standards set forth in California Code of Civil Procedure §§ 877 and 877.6. This determination bars any other joint tortfeasor or co-obligor from any further claims against THI for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

**IT IS SO ORDERED**.

DATE: June 5, 2017

_____
HON. MICHAEL M. ANELLO
United States District Judge